IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE ROCHE, SR.,

                Plaintiff,

v.                                                            OPINION and ORDER

LIEUTENANT JORDAN, OFFICER SMALLEY and            24-cv-588-jdp
OFFICER J. SWANSON,

                Defendants.

---

       Terrance Roche, Sr., proceeding without counsel, alleges that correctional officers at the Federal Correctional Institution in Oxford, Wisconsin, used excessive force against him, in violation of the Constitution. The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I read the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Roche must still "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023). For the reasons below, I must dismiss Roche's complaint because his request for damages is not authorized under federal law, and he does not have standing to obtain injunctive relief.

ANALYSIS

       Roche contends that the correctional officers violated his rights under the Fourth Amendment and Eighth Amendment to the Constitution. Claims regarding excessive force

brought by prisoners arise under the Eighth Amendment, so the Fourth Amendment does not apply. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

Regardless which amendment applies, no federal statute authorizes a damages claim against a federal officer for constitutional violations.[1] In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court recognized an "implied" damages remedy against federal officers for certain constitutional violations. But the Court has tightly restricted the scope of *Bivens*, holding that it applies in only three contexts: Fourth Amendment claims for unreasonable search and seizure, Fifth Amendment claims for sex discrimination, and Eighth Amendment claims for failing to provide adequate medical care. *See Sargeant v. Barfield,* 87 F.4th 358, 363 (7th Cir. 2023). In any other context, the court may not allow a constitutional claim for damages to proceed against a federal officer if "there is any rational reason . . . to think that Congress is better suited to weigh the costs and benefits of allowing a damages action to proceed . . . . For example, if Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* at 364 (internal quotation marks and citations omitted).

The Court of Appeals for the Seventh Circuit has already held that a federal prisoner may not bring an excessive force claim against a federal officer under *Bivens*. *Ajaj v. Fozzard*, No. 23-2219, 2024 WL 4002912 (7th Cir. Aug. 30, 2024). This is because such a claim does

---

[1] The Federal Tort Claims Act (FTCA) authorizes claims against the United States for certain wrongful conduct by federal employees who violate state tort law. 28 U.S.C. § 1346(b)(1). Roche has not asserted a claim under the FTCA, he has not named the United States as a party, and he does not allege that he has complied with the procedure in 28 C.F.R. § 14.2 for presenting an FTCA claim to the Bureau of Prisons. So I do not construe Roche's complaint as including an FTCA claim.

not fall within the claims already permitted under *Bivens*, and the Bureau of Prisons has an Administrative Remedy Program, which provides an avenue for federal prisoners to file complaints about things like excessive force. 28 C.F.R. §§ 542.10–15. *Id.* at *2. So Roche may not proceed on a claim for damages under the Constitution.

The limitations on damages claims do not apply to claims for injunctive relief. *See White v. Sloop*, 772 Fed. Appx. 334, 336–37 (7th Cir. 2019). Roche asks for injunctive relief in the form of an order requiring the officers to complete more training. But a plaintiff has standing to sue for injunctive relief only when there is a reasonable likelihood that the defendants will harm the plaintiff again. *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 395 (7th Cir. 2019). Roche has been transferred to a different prison in Oregon, so he cannot make that showing. *See Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009).

Roche cannot obtain damages or an injunction, so I must dismiss his claim. Roche cannot fix the problems with his complaint by adding new allegations, so I will not give him leave to amend. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

ORDER

IT IS ORDERED that this case is DISMISSED. Federal law does not authorize a damages claim for excessive force in violation of the Eighth Amendment, and plaintiff does not

have standing to obtain injunctive relief. The clerk of court is directed to enter judgment and close the case.

Entered January 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge